## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELORES BICKHAM | * | CIVIL ACTION NO. _____ |
| | * | |
| PLAINTIFF | * | |
| VS. | * | |
| | * | |
| DUPLESSIS CADILLAC, INC. | * | |
| | * | |
| DEFENDANT | * | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Delores Bickham on her own behalf, complains as follows against defendant Duplessis Cadillac, Inc.

### I. INTRODUCTION

1.      The Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as the "Act") and a pendent state law claim.  Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

### II. PARTIES

2.      Plaintiff, Delores Bickham ("Ms. Bickham" or "plaintiff"), is a natural person who resides in Baton Rouge, Louisiana.

3.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c) of the Act.

4.      Defendant, Duplessis Cadillac, Inc. (hereinafter referred to as "Duplessis" or "defendant"), is a domestic corporation doing business in Louisiana whose registered agent for service of process is John P. Aydell, Jr., 715 St. Ferdinand Street, Baton Rouge, LA 70802.

### III. FACTUAL ALLEGATIONS

5.      In March 2008, Plaintiff Delores Bickham visited defendant's place of business in

Baton Rouge, Louisiana, a motor vehicle dealership.

6. During this visit, Ms. Bickham applied to purchase and finance a motor vehicle from defendant.

7. Pursuant to the attempted purchase and finance of a motor vehicle from defendant, Ms. Bickham executed retail installment contract which contained disclosures pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1602, *et seq.*, and gave a $1500 down payment to Duplessis in conjunction therewith.

8. The purchase and finance of this motor vehicle, a used 2006 Ford F-150 Pickup Truck, was contingent on approval of financing by Duplessis, which in turn was contingent on the prospective assignee (Americredit) agreeing to purchase the retail installment contract from Duplessis.

9. After these documents had been executed but before the prospective assignee had agreed to purchase the retail installment contract from Duplessis, Ms. Bickham had to stop working at one of her employers, resulting in an unexpected reduction in her income.

10. The prospective assignee contacted Ms. Bickham who truthfully told it of her change in income.

11. The prospective assignee then declined to approve any financing for Ms. Bickham and notified her of the same as required by the federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*

12. After Americredit notified Duplessis that Ms. Bickham had been denied, defendant pulled or obtained Ms. Bickham's consumer report on April 14, 2008 in an attempt to have her financed at different terms than she had agreed to as set forth in the retail installment contract.

13.     Ms. Bickham did not request that defendant do so, there did not exist any prospective extension of credit to ms. Bickham at this time, and therefore there was not a permissible purpose for pulling or obtaining her consumer report.

14.     Defendant also failed to return the $1500 down payment after plaintiff returned the vehicle to Duplessis, although it did pay two notes owed by her on the vehicle she traded in, for a total of $1336.30.

15.     Defendant negligently and/or willfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's consumer reports under false pretenses.

16.     In the entire course of its actions, defendant Duplessis Cadillac, Inc. willfully and/or negligently violated the provisions of the Act in the following respects:

a.     By willfully and/or negligently obtaining Plaintiff's credit report without a permissible purpose and by incorrect certification, in violation of  § 1681b of the Act.

17.     As a direct and proximate result of the foregoing acts and omissions of defendant, Ms. Bickham has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress and credit problems, for which she should be compensated in an amount to be proven at trial.

18.     Defendant also is liable for the difference between the $1500 down payment and the $1336.30 it paid on Ms. Bickham's behalf.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Duplessis Cadillac, Inc. for:

(a)     the greater of actual damages or statutory as to Count I;

(b)     punitive damages as to Count I;

©      attorney's fees pursuant to 15 U.S.C. § 1681n and/or § 1681o as to Count I;

(d)      return of the $166.40 left of her down payment;

(e)      costs; and

(f)      for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

                        s/Garth J. Ridge
                        **GARTH J. RIDGE**
                        Attorney for Plaintiff
                        Bar Roll Number:  20589
                        251 Florida Street, Suite 301
                        Baton Rouge, Louisiana 70801
                        Telephone Number:  (225) 343-0700
                        Facsimile Number: (225) 343-7700
                        E-mail: GarthRidge@aol.com